UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
C. TRANSPORT PANAMAX LTD., et al.,

                Plaintiffs,

-against-

C&MERCHANT MARINE COMPANY LTD., et al.,

                Defendants.
------------------------------------------x

08 Civ. 7744 (LAK)
(and consolidated case
08 Civ. 7930 (LAK))

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 7/23/09

LEWIS A. KAPLAN, *District Judge.*

      Plaintiff International Bunker Services K.K."("IBS") moves for a default judgment against defendant C&Merchant Marine Company Ltd. ("CMM") [08 Civ. 7744 docket item 16, 08 Civ. 7930 docket item 22]. As only 08 Civ. 7930 seeks a judgment against CMM for damages, the motion is properly construed as applying to that case.

      Supp. Adm. R. B(2) provides that no default judgment may be taken in an *in personam* action subject to the supplemental rules except upon proof (a) of service in accordance with Fed. R. Civ. P. 4, (b) of mailing of the appropriate papers "using any form of mail requiring a return receipt," or (c) that the plaintiff or garnishee has sought to notify the defendant of the action but could not do so.

      The certificate of service upon which IBS relies states that "service" was made by sending the papers "via Federal Express." [08 Civ. 7930 docket item 13; *see also* docket item 18 (Clerk's certificate)]. Although the lower courts are not of one mind on the point,[1] I think the better view is that delivery by Federal Express does not constitute service in accordance with Civil Rule 4 or mailing within the meaning of Supp. Adm. R. B(2)(b). *See, e.g., Pearson v. Board of Education of the City of New York,* No. 02 Civ. 3629 (RCC), at *4 (S.D.N.Y. Oct. 12, 2004). Default judgments are serious business and should not be entered absent strict compliance with the rules governing the acquisition of jurisdiction over a defendant. Certainly "mail," at the time the Civil and Supplemental Admiralty Rules were formulated, referred to the U.S. and other governmental postal

---

[1] *See Alu, Inc. v. Kupo Co.,* No. 6:06-CV-327ORL28DAB, 2007 WL 177836, at *4 (M.D. Fla. Jan. 19, 2007).

2

services. However popular the services of express courier services have become, it is up to the rule makers to determine whether their activities should be treated the same as those of governmental postal authorities.

The motion for a default judgment [08 Civ. 7744 docket item 16, 08 Civ. 7930 docket item 22] is denied.

SO ORDERED.

Dated:     July 22, 2009

_____
Lewis A. Kaplan
United States District Judge